**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BERNICE DAVIS,
Plaintiff-Appellant,

v.                                                                      No. 96-1973

CARTERET COUNTY; DIANNA TALTON,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Terrence W. Boyle, District Judge.
(CA-95-58-4-BO)

Argued: June 4, 1997

Decided: August 28, 1997

Before HALL, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ralph Thomas Bryant, Jr., Havelock, North Carolina, for
Appellant. J. Randall Hiner, Sr., WARD & SMITH, P.A., New Bern,
North Carolina, for Appellees. **ON BRIEF:** Cheryl A. Marteney,
WARD & SMITH, P.A., New Bern, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Bernice Davis served as Deputy Tax Collector for Carteret County. When majority control of Carteret County's Board of Supervisors changed hands from the Republicans to the Democrats, defendant Dianna Talton became the new Tax Assessor. On November 1, 1993, the Board of Supervisors, consistent with Talton's advice, voted to abolish the position of Deputy Tax Collector, then held by Davis, who is a Republican. Davis brought this § 1983 suit against Talton and Carteret County, alleging that Talton violated her First Amendment rights by providing false and misleading information to the Board of Commissioners in order to secure the termination of Davis' position of Deputy Tax Collector because of Davis' political affiliation, and that the County violated her Fourteenth Amendment Due Process rights by depriving her of her property interest in continued employment without providing her the protections required by the County's personnel ordinances. The district court granted summary judgment to both defendants.

The district court concluded that Talton was protected from liability by legislative immunity for any participation that she may have had in the Board's legislative act of abolishing the position because "[w]here an executive official participates in the legislative process by presenting the legislative body with an opinion relating to the budgetary and staffing needs of her agency, that official is entitled to claim legislative immunity." J.A. at 102. Even assuming that the district court's reasoning would alone be insufficient to support the grant of summary judgment to defendant Talton, we nonetheless conclude that Talton is entitled to summary judgment on the grounds of qualified immunity. Davis has failed to point to a clearly established right, under either the patronage dismissal prohibition or any other constitutional doctrine, that is violated by a person who does not make the final decision to abolish a governmental position, but instead merely provides advice to that final decisionmaker. Additionally, Davis has failed to proffer factual support for her assertion that Talton's advice to the Board of Commissioners caused the Board to terminate her position. Therefore, the district court was correct in awarding summary judgment to Talton.

Davis' due process claim against Carteret County fails because Davis cannot point to any procedural protections provided by the Due Process clause which have been violated here. Rather, Davis relies upon procedural protections provided by county ordinances for certain forms of "separation of employees from positions in the service of the County." County of Carteret, Personnel Ordinance, Art. VII, § 1 (J.A. at 40). However, even if those ordinances apply to the abolition of a position by the Board of Commissioners, those ordinances do not establish the procedures required by the Due Process Clause of the Fourteenth Amendment. Garraghty v. Virginia Dept. of Corrections, 52 F.3d 1274, 1285 (4th Cir. 1995) (stating, in the context of a claim of due process violation in the termination of public employment, that "if a state grievance law grants more procedural rights than the constitution requires, failure to comply with state law does not create a federal due process violation."). Davis has not demonstrated that the Board violated any procedural protections independent of state law. Therefore, the district court did not err in granting summary judgment to Carteret County.

For the reasons stated herein, the judgment of the district court is affirmed.

AFFIRMED

3